**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                          |   |                                    |
|--------------------------|---|------------------------------------|
| BRUCE WILCOX,            | : | CIVIL ACTION NO. 11-1247 (MLC)     |
|                          | : |                                    |
|    Petitioner, | : | **MEMORANDUM OPINION**        |
|                          | : |                                    |
|    v.     | : |                                    |
|                          | : |                                    |
| UNITED STATES OF AMERICA, | : |                                   |
|                          | : |                                    |
|    Respondent. | : |                               |

**COOPER, District Judge**

Bruce Wilcox ("Petitioner") moves to vacate, set aside, or
correct his sentence pursuant to 28 U.S.C. § 2255.  The underlying
criminal case in this Court was <u>United States v. Bruce Wilcox</u>,
Crim. No. 07-525-002 (MLC).  For the reasons set forth herein,
issued without oral argument pursuant to Federal Rule of Civil
Procedure 78, the Court will deny the motion.[1]

---

[1] The records filed herein are the following numbered
docket entries ("dkt."):  Original § 2255 motion (dkt. 1); <u>Miller</u>
notice (dkt. 2); Response to <u>Miller</u> notice (dkt. 3); Answer (dkt.
11); and Petitioner's Reply Brief (dkt. 12).  The relevant
records filed in the underlying criminal case (Crim. No. 07-525-
002) include Indictment (dkt. 1); plea agreement (dkt. 34);
Judgment of Conviction filed 11-12-08 (dkt. 43); transcript of
sentencing hearing held 10-1-08 ("Sentencing Transcript") (dkt.
44); transcript of plea hearing held 3-6-08 (dkt. 47); Judgment
of Affirmance (dkt. 80); and Opinion of the Court of Appeals
("Appeal Opinion") (dkt. 82-1).  The chambers file in the
underlying criminal case also includes the Presentence
Investigation Report ("PSR") dated 8-21-08; government sentencing
memorandum dated 8-28-08; and defense sentencing memorandum dated
9-24-08, with numerous supporting letters.

## I.    BACKGROUND

Petitioner entered a plea of guilty on March 6, 2008, to one count of possession with intent to distribute a quantity of a mixture containing heroin, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i).  The guilty plea was based upon a December 14, 2006 drug transaction, during which Petitioner and his co-defendant purchased approximately 120 bricks of heroin in New York City and transported the heroin to New Jersey using the New Jersey Transit System.  Petitioner pled guilty to Count Two of the indictment pursuant to a written plea agreement in which the government agreed to dismiss the indictment's conspiracy count. In his plea, he stipulated that the weight of the heroin was 296.03 grams.  (Appeal Opinion at 3.)

The sentencing hearing was conducted on October 1, 2008. (Judgment of Conviction at 1.)  The May 1, 2008 edition of the United States Sentencing Commission Guidelines Manual ("USSG") was used in making the Guidelines calculations.  (PSR ¶ 41.) Based upon the stipulated quantity of heroin, the base offense level would have been level 26.  USSG § 2D1.1(c)(7).  However, based upon Petitioner's criminal history he was found to qualify for career offender status within the meaning of USSG § 4B1.1. (PSR ¶ 48.)[2]  That finding resulted in an adjusted offense level

---

[2]  Petitioner qualified for career offender status under USSG § 4B1.1(a) because (1) he was at least 18 years old when he committed the instant offense; (2) the instant offense was a

2

of 34 under USSG § 4B1.1(b), which was adjusted to total offense
level 31 after reduction for acceptance of responsibility under
USSG § 3E1.1.  (Id. ¶¶ 48-52.)  That same finding of career
offender status resulted in Criminal History Category VI,
although the case would have been within that criminal history
category anyway because Petitioner had 16 criminal history points
under the Guidelines.  (Id. ¶¶ 57-70.)  The resulting advisory
Guideline range for imprisonment was 188-235 months, with a
statutory mandatory minimum of 5 years and statutory maximum of
40 years.  (Id. ¶¶ 96-97; Sentencing Transcript at 4-7.)[3]

The sentencing hearing was conducted pursuant to 18 U.S.C.
§ 3553(a), with the Federal Sentencing Guidelines being used as

---

controlled substance offense; and (3) he had at least two prior
felony convictions of controlled substance offenses.  (PSR ¶ 48.)
In fact, he had four predicate felony controlled substance
convictions in state courts:  (1) conviction 1-11-99, Middlesex
County NJ Superior Court Ind. # 98-06-00905-I, for possession
with intent to distribute CDS; (2) conviction 6-29-01, Mercer
County NJ Superior Court Ind. # MER-000500537-I, for possession
with intent to distribute within a school zone; (3) conviction 6-
29-01, Mercer County Superior NJ Court Ind. # MER-010500274-A,
for distribution within 500 feet of public housing [the latter
offense was separated from the former offense by an intervening
arrest]; and (4) conviction 4-23-04, New York County NY Superior
Court, for criminal possession of a controlled substance.  (PSR
¶¶ 58-67.)  He also had a misdemeanor drug offense.  (Id. ¶ 60.)

[3]  Absent the Section 4B1.1(b) career offender provision,
Petitioner's total offense level would have been 23 (base offense
level 26 less three levels for acceptance); his criminal history
category would still have been Category VI (based on 16 criminal
history points); and his advisory Guideline imprisonment range
would have been 92-115 months.

advisory only pursuant to <u>United States v. Booker</u>, 543 U.S. 220
(2005).  (Sentencing Transcript at 3.)  This Court expressly
followed the three-step sentencing process described in <u>United
States v. Gunter</u>, 462 F.3d 237, 247 (3d Cir. 2006), and numerous
other post-<u>Booker</u> precedential opinions in the Third Circuit.
(<u>Id.</u>)

We first made the Guidelines calculation at step one, as
summarized above, as to which neither party had any objections.
(<u>Id.</u> at 3-7.)  Next, at step two, this Court heard and ruled upon
defendant's motion for downward departure.  Defendant argued for
a downward departure based upon a combination of factors,
essentially referring to lack of guidance as a youth and family
ties and circumstances; and the government argued in opposition.
We denied that motion, for reasons stated on the record, and
proceeded to step three of the sentencing hearing.  (<u>Id.</u> at 7-
13.)  At step three, the Court heard and considered the arguments
of counsel for both parties, as well as the statements made by
defendant himself.  (<u>Id.</u> at 13-16.)

Defense counsel specifically requested at step three that
the court impose a reasonable sentence "that may not be within
the guideline range," referring to the substantial discretion of
the court to sentence with the five-to-forty-year statutory
range.  (<u>Id.</u> at 14-15.)  This was clearly an argument for a
downward variance, emphasizing both the social factors and the

fact that defendant's criminal history, while extensive, was non-violent. (Id. at 14-16.)  This Court understood that argument as a request for a variance to a below-Guidelines sentence.[4]  The government argued for a sentence within the advisory Guideline range of 188 to 235 months.  (Id. at 13-14.)  The ruling of this Court as to the specific sentence imposed, and the reasoning of the Court in response to the arguments advanced by the respective parties, was as follows:

> I think Mr. Wilcox fully appreciates now the seriousness of the federal sentence that he had incurred by his continued drug activity in his own community.  It is clear that repeated involvement with the law in the state court system simply served as a revolving door for him to come back out and continue his drug distribution activity.
>
> There's no suggestion that he himself was drug addicted.  That wouldn't excuse of course his conduct.  This was his livelihood, his only livelihood.  He has no employment history of a law abiding nature.  His family is intact and very functional.  Although his father accepts that he was dysfunctional at times in the past, he's now a minister and has written a very sincere, I find, and respectful letter to the Court as has his mother and his sister and himself and his small daughter, nine years old.  So this is a sad day to be sure.
>
> It's true that he has not been apprehended or charged with any weapons possession and there's no indication of violence in his background, but the world that he inhabited is inherently prone to violence, and certainly that heroin that he was instrumental in distributing and other drugs perpetuates a climate of crime in the community that raised him.

---

[4]  The written plea agreement with Petitioner did not contain any stipulation preventing him from arguing for a departure at step two, or for a variance at step three.  See Crim. No. 07-525-002, dkt. 34 at 6.

The Court has considered his entire personal history, not just his criminal history, and we see that he had some trouble adjusting in high school, but he started out well in parochial school and he had the support of his family to continue forward....

Again, he has never gained legitimate employment for any period of time and his livelihood has always been, it appears, on the streets dealing drugs.  His career offender status he would have even with only two prior controlled dangerous substance distribution offenses; he's got four.  And so he has a very heavy career offender prior record.

We can appreciate his sincere remorse at this time, but we must temper that with an awareness that the remorse has come upon him since the time that he committed the instant offense even while less than one year released from his prior incarceration and while still on probation and indeed reporting on the day of this offense to his probation officer.

We have considered these mitigating factors as well as these offense and relevant conduct factors, and we will impose a sentence at the bottom of the guideline range in this case, which is 188 months. This sentence will include five years of supervised release....

....

The justification for the sentence I have just articulated, and the statutory basis for the sentence is obviously Section 3553(a), which requires the Court to impose a sentence sufficient, but not greater than necessary to support the sentencing objectives, **bearing in mind the guideline range as advisory only and also seeking to promote the statutory factors** of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from further crimes of the defendant and avoiding unwarranted sentence disparities among defendants with similar crimes and similar records.

(Id. at 16-19 (emphasis added).)

6

The Judgment of Conviction was filed on November 12, 2008. See n.1 supra. Petitioner filed a timely notice of appeal, and his court-appointed appellate counsel subsequently filed an Anders motion discussing any issues of arguable merit. (Appeal Opinion at 3-4.) In his Anders brief, counsel identified three possible issues for appeal and explained why each would be frivolous. Those were: (1) whether the plea hearing met the requirements of Federal Rule of Criminal Procedure 11; (2) whether the District Court complied with proper sentencing rules; and (3) whether the judge erred in denying Petitioner's motion for a downward departure. (Id. at 4-5.)

The Court of Appeals concluded that as to all three potential grounds for appeal, they were devoid of arguable merit. (Id. at 5-7.) As to the sentencing issues, the Court of Appeals concluded as follows: "Here, the District Court considered the parties' arguments and appropriately considered the 18 U.S.C. § 3553(a) factors." (Id. at 7.) Thus, the Court of Appeals granted the Anders motion and affirmed the District Court's judgment and sentence on March 29, 2010. (Id.)

This timely motion under 28 U.S.C. § 2255 ("Petition") was filed on March 7, 2011. (Dkt. 1.) The government filed an Answer referring to supporting documentation in the record, and Petitioner filed a Reply Brief. See n.1 supra.

## II.   DISCUSSION

### A.   Statutory framework

Under 28 U.S.C. § 2255:

A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the motion. United States v. Abbott, 975 F.Supp. 703, 705 (E.D. Pa. 1997).

Petitioner asserts four grounds for relief. Grounds One through Three allege that he has currently pending, in the New Jersey state courts, properly filed post-conviction motions challenging three of his predicate convictions that provided the basis for his career offender status here.[5] As to those grounds, he seeks to be resentenced de novo if and when those predicate

_____

[5]   Specifically, petitioner alleges in Ground One that post-conviction proceedings are pending in New Jersey state court on his conviction in Mercer County case number 000500537-I [which corresponds to PSR ¶¶ 62-63]; in Ground Two he makes the same allegation as to Mercer County case number 010500274-A [which may correspond to PSR ¶¶ 64-65]; and in Ground Three he makes the same allegation as to Middlesex County case number 98-06-00905-I [which corresponds to PSR ¶¶ 58-59].  (Petition, dkt. 1 at 6-15.)

convictions are vacated and he is no longer a career offender in
this case.  (Dkt. 1 at 6-15.)

Ground Four of the Petition alleges that at the time of
sentencing, this Court "mandatorily applied the Career Offender
Guideline range applicable in this case," and that in light of
subsequent case law that action was error, such as to require
resentencing with a recognition that the career offender
classification is advisory only.  (Id. at 16-18.)

Upon review of the motion papers and the relevant materials
contained in the record of the underlying criminal case, this
Court finds that an evidentiary hearing is not required and the
matter should be adjudicated upon the papers.  See Rules
Governing Section 2255 Proceedings for U.S. District Courts, Rule
8(a); United States v. McCoy, 410 F.3d 124, 131-35 (3d Cir.
2005).  We conclude that as to Grounds One through Three, the
Petition should be denied without prejudice; and as to Ground
Four the Petition must be denied with prejudice.

**B.   Discussion of Grounds One through Three**

Petitioner seeks resentencing, in Grounds One through Three,
in the event that his specified New Jersey state convictions are
vacated as a result of his pending post-conviction proceedings in
state court.  (Dkt. 1 at 5-13.)  He frankly states that since
those post-conviction proceedings are not yet final, the related
issues here are not yet ripe.  He merely seeks to preserve any

rights to assert those issues at an appropriate time, and not to be barred by the one-year statute of limitations in 28 U.S.C. § 2255. (Id.)

The government responds that petitioner will be entitled to a new one-year statute of limitations if any of his pending state court challenges to underlying convictions are successful, citing 28 U.S.C. § 2255(f)(1-4). (Dkt. 11 at 4-6.) "[S]tate-court vacation is a matter of fact for purposes of the limitation rule." Johnson v. United States, 544 U.S. 295, 302 (2005). "[A] defendant who successfully attacked his state conviction in state court" may "apply for reopening of any federal sentence enhanced by the state sentences." Id. at 303 (quoting Custis v. United States, 511 U.S. 485, 497 (1994)). If a challenge to any underlying conviction is successful in state court, "the defendant may then apply for reopening of his federal sentence." Daniels v. United States, 532 U.S. 374, 382 (2001) (emphasis added).

The government agrees that "[i]f Petitioner successfully challenges his state convictions such that he can no longer be deemed a career offender, then he may have a full year to file a timely petition to vacate his federal sentence on those grounds." (Dkt. 11 at 6.) Petitioner replies that he does not object to "either an abatement of these issues, or a dismissal without prejudice." (Dkt. 12 at 1.) This Court will dismiss the

10

Petition as to Grounds One, Two and Three <u>without</u> <u>prejudice</u>, for these reasons.

## C.   Discussion of Ground Four

Petitioner argues in Ground Four that "[a]t the time of petitioner's sentence, he was adjudicated to be a career offender, under the then applicable legal interpretation that Career Offender Guidelines (as applied to petitioner) were <u>mandatory</u>.  See: <u>USSG § 4B1.</u>  After petitioner's sentence was imposed, but while petitioner was on direct appeal, it became clear that Career Offender Classifications are, in fact, not mandatory." (Dkt. 1 at 16.)  This contention is an apparent reference to <u>United States v. Corner</u>, 589 F.3d 411 (7th Cir. 2010), decided en banc by the Court of Appeals for the Seventh Circuit on March 17, 2010.  (<u>Id.</u> at 18.)  It will be recalled that Petitioner's direct appeal was decided on March 29, 2010. <u>See</u> Sec. I above.

The government responds that this assertion is factually incorrect because "[f]rom the transcript of Petitioner's sentencing hearing, it is clear that the Court treated the Guidelines as advisory and properly considered them only as another factor to be used in determining a reasonable sentence." (Dkt. 11 at 7.)  On this point we agree with the government, based upon the record in the underlying criminal case.  <u>See</u> Section I <u>supra</u>.  Clearly, this Court at sentencing followed the

11

three-step procedure whereby we did make the undisputed Guideline calculation at the first step, including the career offender findings.  Then at the third step we applied the sentencing statute, 18 U.S.C. § 3553(a), expressly reiterating in the Court's stated justification for the sentence that it was imposed "bearing in mind the guideline range as advisory only." (Sentencing Transcript at 16-19.)

We have examined carefully the legal argument presented by Petitioner in Ground Four of the Petition (dkt. 1 at 16-18), and as elaborated in his Reply Brief (dkt. 12 at 1-2).  That argument refers to the gradual development of post-Booker case law in the federal Courts of Appeal on the precise issue of whether USSG § 4B1.1, with its career offender provisions, is mandatory at sentencing or whether the sentencing judge may grant a variance, even if it is based upon a "policy disagreement" with § 4B1.1.

This case law development has been summarized in detail by the panel decision in United States v. Merced, 603 F.3d 203, 218-222 (3d Cir. 2010) (assuming without deciding that district courts may vary from a career offender Guidelines range based on a policy disagreement, where parties did not dispute that would be permissible under Booker and its progeny).  See also id., 603 F.3d at 226-30 (Ambro, J., concurring and urging Third Circuit to issue express ruling to that effect); United States v. Mathis, 404 Fed.Appx. 595, 598-99 (3d Cir. 2010) (granting Anders motion

12

and affirming sentence where "nothing in the record suggests that the District Court believed it could not vary" based on a policy disagreement about career offender Guidelines).  The legal debate reflected in that case law has occurred entirely in other federal Courts of Appeal, where for a time there seemed to be a circuit split on the issue; however, the contrary view seemingly had fallen out of favor by the time Corner was decided in the Seventh Circuit in March, 2010.  See Merced, 603 F.3d at 218-19.

That case law history is perhaps of academic interest, but it cannot control the result on this Petition.  The simple fact is that at no time since Booker was decided has the Third Circuit taken the view that a variance from career offender Guidelines was not permitted, or conversely that the career offender Guidelines were mandatory.  Id.  Accordingly, this District Court could not have been under any impression to that effect when it sentenced Petitioner here in the Third Circuit in March 2008. Nor were we under any such impression or opinion at that time.

"[D]ue process clearly guarantees all defendants the right to be sentenced under an accurate understanding of the law." United States v. Eakman, 378 F.3d 294, 302 (3d Cir. 2004), citing United States v. Barnhart, 980 F.2d 219, 225 (3d Cir. 1992). Here, as in Mathis, supra, there is simply nothing in the record to suggest that this District Court believed it could not vary based on a policy disagreement about career offender Guidelines,

13

when it sentenced Petitioner in this case.  To the contrary, as we expressly stated at the sentencing hearing, we imposed his sentence in full recognition that the Guidelines were "advisory only" under our application of the 18 U.S.C. § 3553(a) factors. See Section I supra.  Accordingly, we find that the record does not support Petitioner's contention that "the district court was unaware that § 4B1 was advisory, and therefore applied the sentencing range for career offender mandatorily."

If this Court had been inclined to grant a variance from the career offender calculation in determining Petitioner's sentence, either on the basis of an "individualized determination" or a "policy disagreement," we would not have been constrained by any then-existing Third Circuit precedent and we would have proceeded under the dictates of Booker that the Guidelines (including the career offender provisions thereof) were advisory only.  Our attention at that point would have turned to the procedural requirements of analyzing and explaining such a potential variance, see Merced, 603 F.3d at 219-22.

This Court did consider whether to grant Petitioner a variance on the full array of grounds advanced by his counsel, including mitigating aspects of his individual criminal history. See Section I supra.  If we had been so inclined we also would not have hesitated to consider a variance based upon policy disagreement with the career offender provisions.

14

We hold that Petitioner's contention that his sentence was imposed under an erroneous view that the career offender provisions were mandatory is not supported by the record. Therefore we find no due process violation, and no legal sentencing error, that would support relief under 28 U.S.C. § 2255 on Ground Four of the Petition.

## III.  CONCLUSION

This Court concludes that the issues presented in Grounds One, Two and Three of the Petition are not ripe, because Petitioner alleges that post-conviction challenges to certain underlying state court convictions are currently pending and have not reached final determination.  Therefore, the Petition will be dismissed without prejudice as to those issues.

This Court finds that Petitioner has not met his burden to establish his claim asserted in Ground Four of the Petition. Based upon our review of the record, we hold that petitioner was not deprived of his Fifth Amendment right to due process, nor was he sentenced under an error of law, as to the advisory nature of the Guidelines including the career offender provisions of USSG § 4B1.1.  Accordingly, the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence under Ground Four of the Petition must be denied with prejudice.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  Cf. Fed.R.App.P. 22; Loc.App.R. 22.2.  A

certificate of appealability is issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); United States v. Cepero, 224 F.3d 256, 267-68 (3d Cir. 2000).  For the reasons discussed above, the Petition does not make such a showing here.

The Court will issue an appropriate Order and Judgment.


                                   s/ Mary L. Cooper
                                   **MARY L. COOPER**
                                   United States District Judge

Dated:  October 20, 2011

16