NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| BRUCE WILCOX, | : | CIVIL ACTION NO. 11-1247 (MLC) |
| | : | |
| Petitioner, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**COOPER, District Judge**

The petitioner, Bruce Wilcox, moves for relief from this Court's judgment dismissing a petition under 28 U.S.C. § 2255. This Court will deny the motion because it is a second or successive § 2255 petition. This Court lacks subject-matter jurisdiction to review it without authorization from the United States Court of Appeals for the Third Circuit ("Third Circuit"). See 28 U.S.C. §§ 2244(b)(3), 2255(h).

**I.   BACKGROUND**

Wilcox entered a plea of guilty before this Court to one count of possession with intent to distribute a quantity of a mixture containing heroin in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i) on March 6, 2008. See United States v. Wilcox, Crim. No. 07-525, dkt. entry no. 32. The plea was based on a 2006 drug transaction in which Wilcox and a co-defendant purchased approximately 120 bricks of heroin in New York City, and then transported the heroin to New Jersey using the New Jersey Transit System. Id., dkt. entry no. 1, Indictment. Wilcox pleaded guilty pursuant to a written plea

agreement wherein the Government agreed to dismissal of a conspiracy count. Wilcox stipulated in the plea that the heroin weighed 296.03 grams. See United States v. Wilcox, 372 Fed.Appx. 285, 287 (3d Cir. 2010).

This Court conducted the sentencing hearing on October 1, 2008. See Crim. No. 07-525, dkt. entry no. 43, 11-12-08 J. of Conviction at 1. This Court referred to the May 1, 2008 edition of the United States Sentencing Commission Guidelines Manual ("USSG") and found the base offense level would have been level 26 due to the stipulated heroin quantity. See USSG § 2D1.1(c)(7). But this Court found that Wilcox qualified for career offender status within the meaning of USSG § 4B1.1 based on his criminal history, resulting under USSG § 4B1.1(b) in an adjusted offense level of 34, which was adjusted to total offense level 31 after reduction for acceptance of responsibility under USSG § 3E1.1.[1] That same finding of career offender status resulted in Criminal History Category VI, although the case would have been within that criminal history category anyway because Wilcox had 16 criminal history points under the USSG. The resulting advisory

---

[1] Wilcox qualified for career offender status because: (1) he was at least 18 years old when he committed the instant offense; (2) the instant offense was a controlled substance offense; and (3) he had at least two prior felony convictions for controlled substance offenses. He had four predicate state-court convictions: (1) 1-11-99 conviction in New Jersey Superior Court, Middlesex County, No. 98-06-00905-I, for possession with intent to distribute a controlled substance; (2) 6-29-01 conviction in New Jersey Superior Court, Mercer County, No. MER-000500537-I, for possession with intent to distribute within a school zone; (3) 6-29-01 conviction in New Jersey Superior Court, Mercer County, No. MER-010500274-A, for distribution within 500 feet of public housing (latter offense being separated from former offense by an intervening arrest); and (4) 4-23-04 conviction in New York Supreme Court, New York County, for criminal possession of a controlled substance. Wilcox also had a misdemeanor drug offense.

range for imprisonment was 188–235 months, with a statutory mandatory minimum of 5 years and statutory maximum of 40 years.  See Crim. No. 07-525, dkt. entry no. 44, 10-1-08 Sentencing Tr. at 4–7.[2]

The sentencing hearing was conducted pursuant to 18 U.S.C. § 3553(a), with the USSG being used only in an advisory fashion pursuant to United States v. Booker, 543 U.S. 220 (2005).  This Court expressly followed the three-step sentencing process described in United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006), and other post-Booker Third Circuit precedential opinions.

This Court made the calculation at step one as summarized above, and there were no objections.  See 10-1-08 Sentencing Tr. at 3–7.  At step two, Wilcox moved for a downward departure based on a combination of factors, essentially referring to lack of guidance as a youth and family ties and circumstances; and the Government opposed.  This Court denied that motion for reasons stated on the record.  Id. at 7–13.

This Court heard and considered the arguments of counsel and Wilcox himself at step three.  Id. at 13–16.  Defense counsel specifically asked this Court to impose a reasonable sentence "that may not be within the guideline range", referring to this Court's substantial discretion to sentence within the five-to-forty-year statutory range.  Id. at 14–15.  This was an argument for a downward variance, emphasizing social factors and

---

[2] Absent the Section 4B1.1(b) career offender provision, the total offense level would have been 23 (base offense level 26 less three levels for acceptance); the criminal history category would still have been Category VI (based on 16 criminal history points); and the advisory imprisonment range would have been 92–115 months.

that Wilcox's extensive criminal history was nonviolent.  Id. at 14–16.  This Court understood that argument as a request for a variance to a below-guidelines sentence.[3]  The Government argued for a sentence within the advisory range of 188 to 235 months.  Id. at 13–14.  This Court ruled:

> I think Mr. Wilcox fully appreciates now the seriousness of the federal sentence that he has incurred by his continued drug activity in his own community.  It is clear that repeated involvement with the law in the state court system simply served as a revolving door for him to come back out and continue his drug distribution activity.
>
> There's no suggestion[] that he himself was drug addicted.  That wouldn't excuse of course his conduct.  This was his livelihood, his only livelihood.  He has no employment history of a law abiding nature.  His family is intact and very functional, although his father accepts that he was dysfunctional at times in the past, he's now a minister and has written a very sincere, I find, and respectful letter to the Court as has his mother and his sister and himself and his small daughter, nine years old.  So this is a sad day to be sure.
>
> It's true that he has not been apprehended or charged with any weapons possession and there's no indication of violence in his background, but the world that he inhabited is inherently prone to violence, and certainly that heroin that he was instrumental in distributing and other drugs perpetuates a climate of crime in the community that raised him.
>
> The Court has considered his entire personal history, not just his criminal history, and we see that he had some trouble adjusting in high school, but he started out well in parochial school and he had the support of his family to continue forward....
>
> Again, he has never gained legitimate employment for any period of time and his livelihood has always been, it appears[,] on the streets dealing drugs.  His

---

[3]  The written plea agreement did not prevent Wilcox from arguing for a departure at step two or a variance at step three.  See Crim. No. 07-525, dkt. entry no. 34, at 6.

> career offender status he would have even with only two prior controlled dangerous substance distribution offenses, he's got four. And so he has a very heavy career offender prior record.
>
> We can appreciate his sincere remorse at this time, but we must temper that with an awareness that the remorse has come upon him since the time that he committed the [instant] offense even while less than one year released from his prior incarceration and while still on probation and indeed reporting on the day of this offense to his probation officer.
>
> We have considered these mitigating factors as well as these offense and relevant conduct factors and we will impose a sentence at the bottom of the guideline range in this case, which is 188 months. This sentence will include five years of supervised release....
>
>    ....
>
> The justification for the sentence I have just articulated and the statutory basis for the sentence is obviously Section 3553(a) which requires the Court to impose a sentence sufficient, but not greater than necessary to support the sentencing objectives, bearing in mind the guideline range as advisory only and also seeking to promote the statutory factors of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from further crimes of the defendant and avoiding unwarranted sentence disparities among defendants with similar conduct and similar records.

(Id. at 16-19.)

The Judgment of Conviction was entered November 12, 2008. On the appeal, Wilcox's court-appointed appellate counsel filed an Anders brief discussing three possible issues for appeal and why each would be frivolous: "(1) whether the plea hearing met Federal Rule of Criminal Procedure 11's requirements; (2) whether the District Court complied with proper sentencing rules; and (3) whether the judge erred in denying Wilcox's motion for a downward departure." See Wilcox, 372 Fed.Appx. at 288.

5

The Third Circuit concluded that all three possible grounds for appeal were without merit.  Id. at 289.  As to the sentencing issues, the Third Circuit concluded that "the District Court considered the parties' arguments and appropriately considered the 18 U.S.C. § 3553(a) factors".  Id.  Thus, the Third Circuit affirmed this Court's judgment and sentence on March 29, 2010.  Id.

Wilcox filed a timely motion under 28 U.S.C. § 2255 ("Petition") on March 7, 2011, raising four grounds for relief.  (See dkt. entry no. 1, Pet.)  Wilcox alleged in support of the first three grounds that he was seeking post-conviction relief ("PCR") in the New Jersey state courts challenging three of the predicate convictions serving as the basis for his career offender status, and asked to be resentenced de novo if those predicate convictions were to be vacated because he would no longer be a career offender.  (Id. at 6–15.)  He asserted in the fourth ground that this Court erred in light of subsequent case law in "mandatorily appl[ying] the Career Offender Guideline range applicable in this case", necessitating a resentencing that acknowledged the career offender classification as advisory only.  (Id. at 16–18.)

The Government filed an Answer referring to supporting documentation in the record (see dkt. entry no. 11), and Wilcox filed a Reply Brief.  (See dkt. entry no. 12.)

This Court dismissed without prejudice the first three Petition grounds on the basis that the claims admittedly were not yet ripe because the PCR proceedings were pending. (See dkt. entry no. 14, 10-20-11 Order & J.; dkt. entry no. 13, 10-20-11 Op. at 9–11.) This Court dismissed the fourth ground with prejudice, finding that Wilcox "was not

6

deprived of his Fifth Amendment right to due process, nor was he sentenced under an error of law, as to the advisory nature of the Guidelines including the career offender provisions of USSG § 4B1.1". (Id. at 15.)  Specifically, this Court noted that Wilcox's contention that this Court mandatorily applied the career offender provisions in sentencing him was not supported by the record. (Id.)

The Third Circuit then declined to issue a certificate of appealability. (See dkt. entry no. 21, 1-30-12 3d Cir. Order.)  More than 33 months later, Wilcox filed this motion for relief from this Court's judgment deeming Wilcox a career offender under USSG § 4B1.1. (See dkt. entry no. 22.)  Wilcox argues that Descamps v. United States, 133 S.Ct. 2276 (2013), holds that a district court may not use the "circumstance-specific approach" in sentencing under the Armed Career Criminal Act ("ACCA").  He attempts to overcome the statutory restriction imposed on second or successive § 2255 motions by arguing that this Court has jurisdiction under either 28 U.S.C. § 2255(h)(1), or Federal Rule of Civil Procedure ("Rule") 60(b)(6).  Wilcox also alleges that this Court failed to (1) notify him of the statutory restrictions in bringing a second or successive § 2255 motion, and (2) give him an opportunity to withdraw his § 2255 Petition and file one all-inclusive motion.  He thus concludes that "the prior § 2255" does not "'count[]' as a first § 2255 motion", and that he is now "allow[ed] . . . to use Descamps retroactively". (Id. at 2.)

## II. DISCUSSION

Those seeking relief from a federal conviction or sentence must file a single petition under § 2255 for all claims.  A second or successive petition will be dismissed

under 28 U.S.C. § 2244 absent specific and rare circumstances.  See United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999).  Specifically, this Court may entertain a second or successive § 2255 motion only if the Third Circuit has "certified as provided in 28 U.S.C. § 2244" that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Wilcox's motion lacks any such certification, and thus this Court lacks subject-matter jurisdiction to consider any successive application.  See 28 U.S.C. § 2244(b)(3)(A); Olivera v. Warden Ft. Dix Prison, No. 12-3064, 2013 WL 1144783, at *4–5 (D.N.J. Mar. 18, 2013), appeal dismissed, 3d Cir. No. 13-1920, 5-21-2013 Order.

      Although Wilcox argues that his motion seeks relief from judgment, his allegations challenge the validity and legality of the federal sentence.  Indeed, Wilcox expressly seeks to be resentenced without enhancement as a career offender.  Wilcox sought to vacate his sentence as a career offender in his first § 2255 motion on the ground that this Court mandatorily applied the career offender provisions.  This Court found Wilcox's argument to be unsupported by the record, and denied § 2255 relief.  The Third Circuit denied Wilcox's application for a certificate of appealability for substantially the same reasons as provided by this Court.

8

Now Wilcox seeks to vacate his sentence on the basis of the recent Descamps decision. He attempts to elude the second or successive petition proscription by framing the application as a motion for relief from judgment under Rule 60(b)(6), even though his argument for relief actually constitutes a successive § 2255 petition. Wilcox also argues that his successive application is permissible under § 2255(h)(1) because "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense". Wilcox relies on Descamps, but articulates no newly discovered evidence, and thus the relevant exception under the gatekeeping requirements for successive petitions is § 2255(h)(2). See 28 U.S.C. § 2255(h)(2) (concerning "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

But Wilcox has neither sought nor obtained an order from the Third Circuit authorizing this Court's consideration of the application under § 2255(h), as required under 28 U.S.C. § 2244(b)(3)(A), which states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application".

This Court therefore finds that Wilcox's motion for relief from judgment, construed as a successive § 2255 petition, is subject to summary dismissal for lack of subject-matter jurisdiction. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996) (noting

9

"district court is authorized to dismiss a [habeas] petition summarily when 'it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court'") (citing Rule 4(b) of Rules Governing Section 2255 Proceedings); see also Garcia v. United States, No. 97-2861, 2008 WL 1375571, at *3 (D.N.J. Apr. 9, 2008) ("Without the required authorization from the Court of Appeals, this Court lacks the subject matter jurisdiction necessary to consider Petitioner's motion"). Consequently, Wilcox — to the extent he seeks to pursue a successive § 2255 claim — must first obtain permission from the Third Circuit. This Court notes that Wilcox cites to no newly discovered evidence within the meaning of § 2255(h)(1). Moreover, under § 2255(h)(2), Wilcox points to no authority, and this Court has found none, to show that Descamps has been made retroactively applicable to cases on collateral review. See Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014) ("To date, the Supreme Court has not made Descamps retroactive on collateral review."), cert. denied, 135 S.Ct. 501 (2014), rehearing denied, No. 14-6669, 2015 WL 133613 (U.S. Jan. 12, 2015); United States v. Wilson, No. 14-881, 2014 WL 3339632, at *2 (W.D. Pa. July 8, 2014) (stating Descamps has not been made retroactively applicable to cases on collateral review).

    Descamps only addresses the application of the ACCA sentencing enhancement under 18 U.S.C. § 924(e), rather than the USSG § 4B1.1 enhancement for career offenders that applied in Wilcox's case based on four predicate felony controlled

10

substance convictions in state courts.  See Descamps, 133 S.Ct. at 2281.[4]  Wilcox has also only alleged that he is not a career offender, which relates to the sentencing enhancement, but not that he is actually innocent of the crimes for which he was convicted.  Thus, Wilcox cannot avoid the gatekeeping requirements of § 2255 on the spurious claim that he is actually innocent.

Wilcox also argues that this claim is timely under § 2255(f)(4), which provides for a one-year limitations period to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence".  As stated above, Wilcox fails to articulate any newly discovered facts for this time-bar exception to apply.  Due to Wilcox's reliance on Descamps, the appropriate timeliness provision is § 2255(f)(3), which allows the limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review".  Thus, if applicable, Wilcox had one year from the date

---

[4]  This Court relied on prior convictions that were applicable controlled substance offenses.  USSG § 4B1.1(a) states that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  The Guidelines define a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."  § 4B1.2(b).

Descamps was decided to file his new § 2255 claim.  The Supreme Court issued Descamps on June 20, 2013, and denied a petition for rehearing on August 30, 2013.  See 134 S.Ct. 41 (2013).  Wilcox did not file this second § 2255 claim until November 16, 2014, more than one year later.  Further, Descamps has not been made retroactive on collateral review, and thus Wilcox's motion cannot meet the express requirements of § 2255(f)(3).  Accordingly, this new claim by Wilcox is time-barred.

Wilcox's claim that his first § 2255 Petition should not "count" as his one all-inclusive petition — because this Court provided him no notice of the restriction against second or successive petitions — is without merit.  This Court provided Wilcox with a formal Miller notice on April 29, 2011, and Wilcox responded that he wished to have his Petition be considered as his one all-inclusive petition on May 12, 2011.  (See dkt. entry nos. 2–3.)

### III. CONCLUSION

Wilcox's motion for relief from judgment constitutes an impermissible second or successive § 2255 petition over which this Court lacks subject-matter jurisdiction without the requisite authorization from the Third Circuit, pursuant to 28 U.S.C. §§ 2244(b)(3) and 2255(h).  Accordingly, the motion will be denied without prejudice.  This Court will issue an appropriate order.

        s/ Mary L. Cooper  
        **MARY L. COOPER**  
        United States District Judge

Dated:  January 14, 2015